Alen R. Beerman, Esq. (AB5700)
ROSEMAN, BEERMAN & BEERMAN LLP
3000 Marcus Avenue, Suite 3W6
Lake Success, NY 11042
Telephone:    516.327.4600
Facsimile:    516.327.4608
*Attorneys for Defendants* Fat Albert's Warehouse Inc. and Albert Srour

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTIAN CASEY LLC, a New York Limited
Liability Company d/b/a SEAN JOHN; and STUDIO
IP HOLDINGS LLC, a Delaware Limited Liability
Company d/b/a ROCA WEAR
       Plaintiffs,

    -against-

A&E STORES, INC., a New Jersey Corporation;
FORMAN MILLS, INC., a Pennsylvania Corporation;
FAT ALBERT'S WAREHOUSE, INC., a New York
Corporation; ALBERT SROUR, an individual; and
DOES 1-10, inclusive,
       Defendants.    :
---------------------------------------------------------------X

Case No.: 08 CV 870

(J.MM)

ANSWER TO COMPLAINT

JURY TRIAL DEMANDED

  Defendant Fat Albert's Warehouse (hereinafter, "Fat Albert") and defendant Albert Srour (hereinafter "Srour") both hereinafter referred to as "Defendants" by their attorneys; Roseman, Beerman & Beerman, LLP, as and for their Answer to the complaint filed by Plaintiffs respond as follows:

  1. Admits that the alleged claims set forth in the Complaint paragraph 1 arise under 15 U.S.C. § 1051 et seq. And therefore present a federal question within the meaning of 28 U.S.C. §1331, 1338(a) and 1367, but denies that such claims possess any merit.

  2. Lack sufficient knowledge or information to form a belief as to the truth of the

    allegations contained in paragraph "2" of the complaint and therefore deny same.

3. Deny the allegations contained in paragraph "3" of the complaint.

4. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint and therefore deny same.

5. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint and therefore deny same.

6. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint and therefore deny same.

7. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint and therefore deny same.

8. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "8" of the complaint and therefore denies same.

9. Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint and therefore deny same.

10. Admit that Fat Albert's was a New York corporation with a principal place of business in Brooklyn, New York but denies the rest of the allegations contained in paragraph "10" of the complaint.

11. Admit that Albert Srour is an individual residing in New York but denies the rest of the allegations contained in paragraph "11" of the complaint.

12. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint and therefore deny same.

13. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "13" of the complaint and therefore deny same.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint and therefore deny same.

17. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "17" of the complaint and therefore deny same.

18. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint and therefore deny same

19. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "19" of the complaint and therefore deny same.

20. Deny the allegations contained in paragraph "20" of the complaint.

21 Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "21" of the complaint and therefore deny same.

22. Deny the allegations contained in paragraph "22" of the complaint.

23. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "23" of the complaint and therefore deny same.

24. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "24" of the complaint and therefore deny same.

25. Deny the allegations contained in paragraph "25" of the complaint.

26. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "26" of the complaint and therefore deny same.

27. Deny the allegations contained in paragraph "27" of the complaint.

28. Deny the allegations contained in paragraph "28" of the complaint.

29. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "29" of the complaint and therefore deny same.

30. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "30" of the complaint and therefore deny same.

31. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "31" of the complaint and therefore deny same.

32. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "32" of the complaint and therefore deny same.

33. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "33" of the complaint and therefore deny same.

34. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "34" of the complaint and therefore deny same.

35. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "35" of the complaint and therefore deny same.

36. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "36" of the complaint and therefore deny same.

37. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "37" of the complaint and therefore deny same.

38. Deny the allegations contained in paragraph "38" of the complaint.

39. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "39" of the complaint and therefore deny same.

40. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "40" of the complaint and therefore deny same.

41. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "41" of the complaint and therefore deny same.

42. Deny the allegations contained in paragraph "42" of the complaint.

43. Deny the allegations contained in paragraph "43" of the complaint.

WITH RESPECT TO THE FIRST CLAIM FOR RELIEF

44. For their answer to paragraph "44" of the Complaint, the Defendants repeat and reallege their answers to paragraphs 1 through 43 inclusive as if more fully set forth at length herein.

45. Deny the allegations contained in paragraph "45" of the complaint.

46. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "46" of the complaint and therefore deny same.

47. Deny the allegations contained in paragraph "47" of the complaint.

48. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "48" of the complaint and therefore deny same.

49. Deny the allegations contained in paragraph "49" of the complaint.

50. Deny the allegations contained in paragraph "50" of the complaint.

51. Deny the allegations contained in paragraph "51" of the complaint.

52. Deny the allegations contained in paragraph "52" of the complaint.

53. Deny the allegations contained in paragraph "53" of the complaint.

54. Deny the allegations contained in paragraph "54" of the complaint.

WITH RESPECT TO THE SECOND CLAIM FOR RELIEF

55. For their answer to paragraph "55" of the Complaint, the Defendants repeat and reallege their answers to paragraphs 1 through 54 inclusive as if more fully set

forth at length herein.

56. Deny the allegations contained in paragraph "56" of the complaint.

57. Deny the allegations contained in paragraph "57" of the complaint.

58. Deny the allegations contained in paragraph "58" of the complaint.

59. Deny the allegations contained in paragraph "59" of the complaint.

60. Deny the allegations contained in paragraph "60" of the complaint.

61. Deny the allegations contained in paragraph "61" of the complaint.

62. Deny the allegations contained in paragraph "62" of the complaint.

WITH RESPECT TO THE THIRD CLAIM FOR RELIEF

63. For their answer to paragraph "63" of the Complaint, the Defendants repeat and reallege their answers to paragraphs 1 through 62 inclusive as if more fully set forth at length herein. Defendants incorporate herein by reference each and every response to the allegations of the preceding paragraphs as though fully set forth herein.

64. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "64" of the complaint and therefore deny same.

65. Deny the allegations contained in paragraph "65" of the complaint.

66. Deny the allegations contained in paragraph "66" of the complaint.

67. Deny the allegations contained in paragraph "67" of the complaint.

68. Deny the allegations contained in paragraph "68" of the complaint.

69. Deny the allegations contained in paragraph "69" of the complaint.

70. Deny the allegations contained in paragraph "70" of the complaint.

71. Deny the allegations contained in paragraph "71" of the complaint.

72. Deny the allegations contained in paragraph "72" of the complaint.

WITH RESPECT TO THE FOURTH CLAIM FOR RELIEF

73. For their answer to paragraph "73" of the Complaint, the Defendants repeat and reallege their answers to paragraphs 1 through 62 inclusive as if more fully set forth at length herein.

74. Lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "74" of the complaint and therefore deny same.

75. Deny the allegations contained in paragraph "75" of the complaint.

76. Deny the allegations contained in paragraph "76" of the complaint.

77. Deny the allegations contained in paragraph "77" of the complaint.

78. Deny the allegations contained in paragraph "78" of the complaint.

79. Deny the allegations contained in paragraph "79" of the complaint.

80. Deny the allegations contained in paragraph "80" of the complaint.

81. Deny the allegations contained in paragraph "81" of the complaint.

AFFIRMATIVE DEFENSES

FOR A FIRST AFFIRMATIVE DEFENSE

82. The complaint fails to state upon which relief maybe granted.

FOR A SECOND AFFIRMATIVE DEFENSE

83. Plaintiffs' claims are barred in whole or in part because any alleged injury to plaintiffs resulted from the action or failure to act of other persons or entities over which the defendants have no control.

FOR A THIRD AFFIRMATIVE DEFENSE

84. Plaintiffs' claims are barred because plaintiff's have not suffered any damages

and/or because plaintiff's have failed to mitigate their damages.

## FOR A FOURTH AFFIRMATIVE DEFENSE

85. Plaintiffs' claims are barred in whole or in part by doctrine of laches, waiver, estoppel, and/or ratification.

## FOR A FIFTH AFFIRMATIVE DEFENSE

86. Defendants herein have at all times relevant to this action acted in good faith.

## FOR A SIXTH AFFIRMATIVE DEFENSE

87. Plaintiffs' claims are barred in whole in part by the doctrine of unclean hands.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

88. Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

89. Plaintiffs' claims are barred, in whole or in part, due to plaintiffs' failure to protect its trademark.

## FOR A NINTH AFFIRMATIVE DEFENSE

90. Plaintiffs' claims are barred, in whole or in part, as plaintiffs lack standing to assert claims alleged in the complaint and lack subject matter jurisdiction over some or all of the claims asserted in the action.

## FOR A TENTH AFFIRMATIVE DEFENSE

91. Plaintiffs have failed to joint an indispensable party under Rule 19

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

92. Plaintiffs have suffered no damages as a consequence of defendants actions or have failed to mitigate their damages or both.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

93.  Plaintiffs abandoned any and all right through a blatant failure to exercise quality control over the license, manufacture, distribution and sale of items bearing the trademarks.

WHEREFORE, defendants Fat Albert's Warehouse and defendant Albert Srour demand judgment:

1. Dismissing, with prejudice, plaintiffs complaint and each and every claim asserted therein;

2. Awarding defendants their attorneys fees;

3. Awarding defendants their cost and disbursements for this action;

4. Such other and further relief as this court deems just and proper.

Dated:  Lake Success, New York
        February 29, 2008

                                    ROSEMAN, BEERMAN & BEERMAN, LLP
                                    Attorneys for Fat Albert's Warehouse and Albert Srour

                                    By_____
                                      ALLEN R. BEERMAN, Esq. (AB5700)
                                      3000 Marcus Avenue - Suite 3W6
                                      Lake Success, New York 11042

To: Tucker & Latifi, LLP
    Attorneys for Plaintiffs
    160 East 84 Street
    New York, NY 10028

    A&E Stores Inc
    1000 Huyler Street
    Teterboro, NJ 07608

    Forman Mills Inc
    1070 Thomas Busch Memorial Hwy
    Pennsauken, NJ 08110

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                          )SS:
COUNTY OF NASSAU          )

    I, Denise Rossano, being sworn, say: I am not a party to the action, am over 18 years of age and reside in Nassau County, New York.

    On 29th day of February, 2008, I served the within **Answer to Complaint** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

To:   Tucker & Latifi, LLP
       Attorneys for Plaintiffs
       160 East 84th Street
       New York, NY 10028

       Kenneth R. Schachter, Esq.
       Silverberg Stonehill Goldsmith & Haber
       Attorneys for Defendant A&E Stores
       111 West 40th Street - 33rd Floor
       New York, New York 10018

       Dennis McCooe, Esq.
       Blank Rome LLP
       Attorneys for Defendant Forman Mills, Inc.
       One Logan Square
       130 North 18th Street
       Philadelphia, PA 19103-6998

                                            _____
                                            DENISE ROSSANO

Sworn to me this 29th day of
February, 2008

_____
Notary Public

Stephen M. Roseman
Notary Public, State of New York
No. 02RO8643400 Queens County
Comm. Expires 5/3/10