UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTIAN CASEY LLC, a New York
Limited Liability Company d/b/a SEAN
JOHN; and STUDIO IP HOLDINGS LLC,
A Delaware Limited Liability Company
d/b/a ROCAWEAR,

                    Plaintiffs,

-against-

A & E STORES, INC., a New Jersey
Corporation; FORMAN MILLS, INC.,
a Pennsylvania Corporation; FAT ALBERT'S
WAREHOUSE, INC., a New York Corporation;
ALBERT SROUR, an individual; SPOT INC.,
an unknown business entity; SAPMAN
SPORTSWEAR, an unknown business entity;
JAREL ENTERPRISES, an unknown business
entity; CAVALIER SPORTSWEAR INC., an
unknown business entity; SABS II INC., an
unknown business entity; GREAT VALUE INC.,
an unknown business entity; NEW YORK
OFFPRICE, an unknown business entity; D&N
SALES, an unknown business entity; ALMOST
NOTHING INC., an unknown business entity;
CAPICO, an unknown business entity; VOLUME
APPAREL, an unknown business entity; CA
OFFPRICE, an unknown business entity; M.E.
SALES CORP., an unknown business entity;
BARCODE, an unknown business entity;
FACTORY OVERRUNS, INC., an unknown
Business entity; TOWELLE CORP., an unknown
Business entity; TC FASHIONS INC., an unknown
Business entity; ALL-WAYS, a Washington
Corporation; and DOES 1-10, inclusive,

                    Defendants.
------------------------------------------------------------x

Index No.: 08 CV 00870 (GBD)

**DEFENDANT A & E STORES, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

       Defendant A& E Stores, Inc. ("A&E"), by its attorneys, Sills Gross & Cummis P.C., as and for its Answer to plaintiffs' First Amended Complaint states as follows:

1565031 v3

1. In response to paragraph "1" of plaintiffs' Complaint, admits that plaintiffs purport to bring their claims under certain Federal and State laws but denies that such claims have any merit.

2. Denies knowledge or information as to the allegations set forth in paragraph "2" of plaintiffs' Complaint, except admits that this court has jurisdiction over A&E.

3. Denies the allegations set forth in paragraph "3" of plaintiffs' Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of plaintiffs' Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of plaintiffs' Complaint.

6. Denies the allegations set forth in paragraph "6" of plaintiffs' Complaint, except admits that A&E's principal place of business is in Teterboro, New Jersey.

7. In response to paragraph "7" of plaintiffs' Complaint admits that A&E and/or its affiliates operate stores in the listed states.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of plaintiffs' Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of plaintiffs' Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of plaintiffs' Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of plaintiffs' Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of plaintiffs' Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of plaintiffs' Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of plaintiffs' Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16" of plaintiffs' Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of plaintiffs' Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of plaintiffs' Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of plaintiffs' Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of plaintiffs' Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of plaintiffs' Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of plaintiffs' Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of plaintiffs' Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of plaintiffs' Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of plaintiffs' Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of plaintiffs' Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of plaintiffs' Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of plaintiffs' Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of plaintiffs' Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of plaintiffs' Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of plaintiffs' Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of plaintiffs' Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of plaintiffs' Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of plaintiffs' Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of plaintiffs' Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of plaintiffs' Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of plaintiffs' Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of plaintiffs' Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of plaintiffs' Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. In response to paragraph "45" of plaintiffs' Complaint, repeats and realleges each and every response heretofore made as if more fully set forth herein.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of plaintiffs' Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.  Denies the allegations set forth in paragraph "48" of plaintiffs' Complaint.

49.  Denies the allegations set forth in paragraph "49" of the Complaint.

50.  Denies the allegations set forth in paragraph "50" of the Complaint.

51.  Denies the allegations set forth in paragraph "51" of the Complaint.

52.  Denies the allegations set forth in paragraph "52" of the Complaint.

53.  Denies the allegations set forth in paragraph "53" of the Complaint.

54.  Denies the allegations set forth in paragraph "54" of the Complaint.

55.  Denies the allegations set forth in paragraph "55" of the Complaint.

56.  In response to paragraph "56" of plaintiffs' Complaint, repeats and realleges each and every response heretofore made as if more fully set forth herein.

57.  Denies the allegations set forth in paragraph "57" of the Complaint.

58.  Denies the allegations set forth in paragraph "58" of the Complaint.

59.  Denies the allegations set forth in paragraph "59" of the Complaint.

60.  Denies the allegations set forth in paragraph "60" of the Complaint.

61.  Denies the allegations set forth in paragraph "61" of the Complaint.

62.  Denies the allegations set forth in paragraph "62" of the Complaint.

63.  Denies the allegations set forth in paragraph "64" of plaintiffs' Complaint.

64.  In response to paragraph "64" of plaintiffs' Complaint, repeats and realleges each and every response heretofore made as if more fully set forth herein.

65.  Denies the allegations set forth in paragraph "65" of the Complaint.

66.  Denies the allegations set forth in paragraph "66" of the Complaint.

67.  Denies the allegations set forth in paragraph "67" of the Complaint.

68.  Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. In response to paragraph "74" of plaintiffs' Complaint, repeats and realleges each and every response heretofore made as if more fully set forth herein.Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of plaintiffs' Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of plaintiffs' Complaint.

76. Denies Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies the allegations set forth in paragraph "821" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

83. Plaintiffs' Complaint fails to state causes of action upon which relief may be had.

### SECOND AFFIRMATIVE DEFENSE

84. A&E has at all times acted in the utmost good faith and without knowledge of any rights plaintiffs may have in the claimed trademarks.

### THIRD AFFIRMATIVE DEFENSE

85. Plaintiffs' claims are barred, in whole or in part. Each plaintiff failed to protect its trademark.

### FOURTH AFFIRMATIVE DEFENSE

86. Plaintiffs' claims are barred by the applicable Statute of Limitations.

### FIFTH AFFIRMATIVE DEFENSE

87. Plaintiffs' claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have abandoned any and all rights through failure to exercise quality control over the license, manufacture, distribution and sale of items bearing the trademarks.

### CROSS-CLAIMS

88. To the extent A&E is found liable for any portion of the claims alleged in the plaintiffs First Amended Complaint regarding garments purchased from defendants Spot Inc., Sapman Sportswear, Jarel Enterprises, Cavalier Sportswear Inc., Sabs II Inc., Great Value Inc., New York Offprice, D&N Sales, Almost Nothing Inc., Capico, Volume Apparel; CA Offprice, M.E. Sales Corp., Barcode, Factory Overruns, Inc., Towelle Corp., TC Fashions Inc., and All-Ways or that A&E incurs any other costs or expenses in connection with this litigation, Spot Inc., Sapman Sportswear, Jarel Enterprises, Cavalier Sportswear Inc., Sabs II Inc., Great Value Inc., New York Offprice, D&N Sales, Almost Nothing Inc., Capico, Volume Apparel; CA Offprice, M.E. Sales Corp., Barcode, Factory Overruns, Inc., Towelle Corp., TC Fashions Inc., and All-Ways are liable to A&E through contract, applicable state law and equitable principles.

89.     Accordingly, A&E is entitled to judgment against Spot Inc., Sapman Sportswear, Jarel Enterprises, Cavalier Sportswear Inc., Sabs II Inc., Great Value Inc., New York Offprice, D&N Sales, Almost Nothing Inc., Capico, Volume Apparel; CA Offprice, M.E. Sales Corp., Barcode, Factory Overruns, Inc., Towelle Corp., TC Fashions Inc., and All-Ways for indemnification and contribution.

**WHEREFORE**, A&E demands judgment:

a.   dismissing the Complaint;

b.   that Spot Inc., Sapman Sportswear, Jarel Enterprises, Cavalier Sportswear Inc., Sabs II Inc., Great Value Inc., New York Offprice, D&N Sales, Almost Nothing Inc., Capico, Volume Apparel; CA Offprice, M.E. Sales Corp., Barcode, Factory Overruns, Inc., Towelle Corp., TC Fashions Inc., and All-Ways are liable to A&E for indemnification and contribution;

c.   all together with costs and disbursements, including reasonable attorney's fees, and such other and further relief as the Court finds just and proper.

Dated: New York, New York
       February 4, 2009

                             Respectfully submitted,

                             **SILLS CUMMIS & GROSS P.C.**
                             Attorneys for Defendant
                             **A & E STORES, INC.**

                             By: _____
                                 Kenneth R. Schachter
                                 One Rockefeller Plaza
                                 New York, New York 10020
                                 (212) 643-7000

1565031 v3

9